UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>LAM T. PHAM,<br><br>            Defendant. | Case No.  CR05-152RSL<br><br>ORDER ON DEFENDANT'S<br>MOTION TO WITHDRAW |

## I. Introduction

This matter comes before the Court on "Defendant Pham's Motion to Withdraw Guilty Plea" (Dkt. # 219).  Pham argues that he has met the plea withdrawal standard based on his alleged misunderstanding of the plea terms and the Government's alleged breach of the plea agreement.  The Government opposes the motion.  The Court held a hearing to conduct factfinding and allow oral argument on the motion.

## II. Legal Standard

A defendant may withdraw a guilty plea after acceptance but before sentencing if "the

ORDER ON DEFENDANT'S
MOTION TO WITHDRAW - 1

1  defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P.
2  11(d)(2)(B). The Ninth Circuit dictates that "the 'fair and just reason' standard 'is applied
3  liberally.'" United States v. Garcia, 401 F.3d 1008, 1011 (9th Cir. 2005). The Garcia opinion
4  described potential justifications to "include inadequate Rule 11 plea colloquies, newly
5  discovered evidence, intervening circumstances, or any other reason for withdrawing the plea
6  that did not exist when the defendant entered his plea." Id. (quoting United States v. Ortega-
7  Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)) (quotations and emphasis removed). A fair and just
8  reason can also be established by the Government's breach of the plea agreement. See United
9  States v. Schilling, 142 F.3d 388, 398 (7th Cir. 1998).

## III. Discussion

### A. Misunderstanding

Pham's first justification for withdrawal, that he misunderstood the nature of the agreement, is contradicted by the transcript of the plea colloquy. Pham argues that he did not understand that the agreement he reached with the Government would not be binding on the Court, and that his attorney during the settlement conference actually told him that it would be. First, there is no suggestion in the pleadings or in Pham's declaration that his attorney stated anything other than that the plea agreement was binding on both Pham and the Government. Second, Magistrate Judge Donohue clarified this point at the plea colloquy:

| | |
|---|---|
| The Court: | And do you understand that the Court may impose any sentence that is authorized by law up to the maximum term that is authorized by law? |
| Defendant Pham: | Yes. |
| The Court: | You and your attorney and the attorney for the United States will make recommendation to the sentencing judge. Do you understand that none of those recommendations is binding on the judge? |
| Defendant Pham: | Yes. |

Transcript at 8. Thus, not only were no promises made that the agreement would be binding on

ORDER ON DEFENDANT'S
MOTION TO WITHDRAW - 2

the court, there was an explicit disavowal of this notion.  Counsel's current effort to distinguish non-binding recommendations by the parties from stipulations regarding enhancements by the parties is unavailing.  Nor does Defendant assert that he misunderstood this interaction with the magistrate judge.  This argument lacks merit.

**B.     Breach**

Pham next argues that the Government breached the plea agreement by allowing the case agent responsible for communicating with the probation officer to argue for a role enhancement, contrary to the plea agreement, by conveying that the Defendant was "a behind-the-scenes player who directs other individuals on how to operate this type of scheme."  Defendant's Motion at 3.  Pham is correct that government case agents are bound by the government attorney's plea bargain promises.  United States v. Jureidini, 846 F.2d 964, 966 n.1 (4th Cir. 1988) ("[A]gents of the Government [are] bound by what are, in effect, Government promises.").  Thus, a case agent's request to United States Probation for an enhancement would violate the Government's promise not to seek such an enhancement.

The Government may not enter into a plea bargain whereby it agrees to withhold information from the Court.  The Ninth Circuit has found that the Government has an independent obligation "to ensure that the court has complete and accurate information, enabling the court to impose an appropriate sentence."  United States v. Maldonado, 215 F.3d 1046, 1051–52 (9th Cir. 2000).  In Maldonado, the court upheld a plea agreement where the Government advocated for a base offense level of 32, but acknowledged in court that the facts supported a level of 34.  Id. at 1052.

Notwithstanding the Government's obligation to provide the Court with complete information, plea bargains with provisions against advocacy for an enhancement that might be established by the information provided to the Probation Office are common.  In such cases, the Court distinguishes between providing information and recommending a certain sentence.

ORDER ON DEFENDANT'S
MOTION TO WITHDRAW - 3

1  United States v. Franco-Lopez, 312 F.3d 984, 992 (9th Cir. 2002).  The Franco-Lopez opinion
2  explained that the "court has construed the word 'recommendation' in plea agreements as
3  indicating prosecutorial *preference*, and as requiring that the prosecutor not 'contradict his
4  recommendation with statements indicating a preference for a harsher sentence.'" Id. (quoting
5  United States v. Johnson, 187 F.3d 1129, 1135 (9th Cir. 1999)).  But "[t]he provision of
6  information detailing [a defendant's] subsequent offenses to the probation officer is not
7  tantamount to a recommendation by the government that such information be used for relevant
8  conduct purposes." Id.

9  The Sixth Circuit has similarly held that: "Although statements made to the Probation
10 Office by a case agent could be construed as offering an opinion about whether a particular
11 enhancement was appropriate, the Probation Office made an independent determination that the
12 enhancement was warranted under the circumstances of this case." United States v. Ellis, 121
13 Fed.Appx. 634, 638 (6th Cir. 2005).  Upon examination of the probation officer in the hearing
14 on the instant motion, this Court finds that such an independent determination occurred here as
15 well.  After consultation with the case agent, the probation officer took into account all the facts
16 available to her and made her recommendation as required by statute.  18 U.S.C. § 3552.
17 Neither the assistant United States attorney nor the case agent sought an enhancement in the pre-
18 sentence report.  The information the probation officer received from the case agent constituted
19 facts regarding the criminal act, and not advocacy regarding potential enhancements.  The Court
20 fully appreciates that the final report represents the probation officer's independent judgment
21 and not the agreement or wishes of the parties based on their plea agreement.[1]

22 Finally, Pham's declaration provides no independent grounds for withdrawal of the plea.

---

[1] In fact, Pham's predicament is quite common, as sentencing judges are often faced with higher recommendations from the Probation Office than from the parties.  Many courts, including this one, recognize the mutual compromises attendant to a plea agreement and weigh the parties' recommendations accordingly.

ORDER ON DEFENDANT'S
MOTION TO WITHDRAW - 4

His notations on the plea agreement demonstrate that he was given adequate opportunity to read it and understand its meaning. Pham's obvious regret over signing the plea agreement cannot establish a fair and just reason for withdrawal.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that "Defendant Pham's Motion to Withdraw Guilty Plea" (Dkt. # 219) is DENIED.

DATED this 31st day of July, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge